United States District Court
District Of Maine

| | |
|---|---|
| Kristin A. King,                ) | |
|     Plaintiff,           ) | |
| v.                              ) | Docket No. 1:13-cv-00163-JDL |
| State Of Maine, Department      ) | |
| Of Corrections, et al.          ) | |
|     Defendants.         ) | |

## Plaintiff's Motion for Partial Summary Judgment

In accord with the Court's Procedural Order (ECF No. 59), Plaintiff Kristin King timely files this motion for partial summary judgment regarding Defendants' affirmative defense that Ms. King failed to mitigate her lost wage damages. (Defendants' Answer (ECF No. 47), at 10, ¶ 4). The record is insufficient as a matter of law to permit the jury or the Court to reduce Plaintiff's back pay award based on her purported failure to mitigate that category of damages.

## Undisputed Facts

Ms. King worked as a corrections officer at the Downeast Correctional Facility (DCF) of the Maine Department of Corrections. Plaintiff's Statement of Material Facts ("PSMF"), ¶ 1. Ms. King's employment was terminated

effective September 20, 2011. *Id.* ¶ 2. In Ms. King's last full year working for DCF prior to her termination, she earned wages of about $46,000 annually. *Id.* ¶ 3.

Ms. King has made substantial efforts to find new employment since her termination from DCF in 2011. *Id.* ¶¶ 4-10. As Ms. King's work search records and application materials document, she applied for hundreds of jobs in a wide variety of fields and locations after her termination in September 2011 through late 2014. *Id.* ¶ 2, 4.

Ms. King mostly looked for jobs in security, the field in which she worked for DCF, although she also looked for jobs in other fields, including nursing and computer graphic design. *Id.* ¶ 5. Although Ms. King lives in Machias, she was willing to travel for work and looked for jobs not only locally but also in Bangor and Calais. *Id.* ¶ 6. In addition, Ms. King regularly sought advice and assistance with her job search from the Maine Career Center of the Maine Department of Labor. *Id.* ¶ 7.

In January 2015, upon advice from her counselor at the Career Center, Ms. King enrolled as a full-time student to get additional educational training. *Id.* ¶ 8. However, even while attending school full-time, Ms. King has continued to look for employment. *Id.* ¶ 9.

Despite her efforts to find new employment, Ms. King has not obtained gainful employment since the termination of her employment at DCF. *Id.* ¶10.

## Argument

An allegation of failure to mitigate damages is an affirmative defense and therefore the defendant must carry the burden of persuasion on this defense. *See Quint v. A.E. Staley Mfg. Co.*, 172 F.3d 1, 15-16 (1st Cir. 1999). In *Quint*, the First Circuit held that "[a]s long as the claimant has made some effort to secure other employment, the burden to prove failure to mitigate normally resides with the defendant employer." *Id.* at 16; see also *Webber v. International Paper Co.*, 307 F. Supp.2d 119, 126 (D. Me. 2004) ("The burden is on the defendant to prove facts relating to the appropriate deductions from back pay.") (construing Maine law).

The employer is relieved of its burden to prove this affirmative defense only in the "relatively rare case" in which an employee has "remained *completely idle* following her discharge," that is, the employee "sought *no* jobs" and "t[ook] *no* action to obtain employment." *Quint*, 172 F.3d at 16; see also *Webber*, 307 F. Supp.2d at 126 (D. Me. 2004) (emphasis added) (holding that although plaintiff applied for only six jobs in a given year, only three of which he could remember, plaintiff nevertheless made the requisite "minimal

3

effort to obtain alternate employment" that year under *Quint* and therefore the burden of proving failure to mitigate remained with employer).

In the ordinary case in which the employee has made the requisite minimal effort to obtain employment, the burden remains on the employer to "show that (i) though substantially equivalent jobs were available in the relevant geographic area, (ii) the claimant failed to use reasonable diligence to secure suitable employment." *Quint*, 172 F.3d at 16.

The employer's burden to make this two-prong showing is demanding. As to the first prong, a position is only "substantially equivalent" if it provides "*virtually identical* promotional opportunities, compensation, job responsibilities, working conditions, and status." *West v. Nabors Drilling USA, Inc.*, 330 F.3d 379, 393 (5th Cir. 2003) (emphasis added). Further, the employer's proof regarding substantially equivalent jobs "extends only to jobs available in the relevant geographic area." *Harding v. Cianbro Corp.*, 498 F. Supp. 2d 344, 358 (D. Me. 2007) (citation omitted). As to the second prong, "[t]o show that the plaintiff was not sufficiently diligent in pursuing other employment, the defendant must do more than show that plaintiff could have taken further actions in pursuit of employment: 'the range of reasonable conduct is broad and the injured plaintiff must be given the benefit of every doubt in assessing her conduct.'" *Webber,* 307 F. Supp. 2d at 126 (D. Me.

2004) (quoting *Me. Human Rights Comm'n v. Dept. of Corr.*, 474 A.2d 860, 869).

It is undisputed that Ms. King has made "some effort" to find alternate employment. *Quint*, 172 F.3d at 16. As detailed above, Ms. King has applied for hundreds of jobs since her termination in September 2011 in a variety of fields and locations; has regularly sought advice from Maine Career Center; and, most recently, has returned to school as a full-time student to obtain additional training and broaden her career prospects, while still searching for alternate employment. PSMF ¶¶ 4-9. The undisputed facts demonstrate that Ms. King has been far from "completely idle" following her discharge, *see Quint*, 172 F.3d at 16; instead, she has conducted a diligent job search that goes well beyond the "minimal effort" required of the Plaintiff, *see Webber*, 307 F.Supp.2d at 126.

Therefore, the burden remains on Defendants to prove their affirmative defense of failure to mitigate. During the discovery period that has now expired, Defendants did not designate any experts and did not produce any evidence to support their affirmative defense of failure to mitigate. In particular, they produced no evidence to demonstrate either (i) that there were substantially equivalent positions available to Plaintiff in her geographical area or (ii) that Plaintiff "failed to use reasonable diligence" to acquire a substantially equivalent position. See *Quint*, 172 F.3d at 16.

The Rules, of course, required Defendants to produce during discovery all of the evidence that they "may use to support" this affirmative defense. *See* Fed. R. Civ. P. 26(a)(1)(A)(i-ii). Therefore, the record is insufficient as a matter of law to permit either the Court or a jury to conclude that Defendants met their two-prong burden to prove that Ms. King failed to mitigate her damages.

## Conclusion

Plaintiff respectfully requests that the Court grant her motion for partial summary judgment on Defendants' affirmative defense that Ms. King failed to mitigate her lost wage damages. The undisputed facts indicate that Plaintiff conducted a diligent job search in the years since her 2011 termination, going well beyond the "minimal effort" required of the Plaintiff. The burden therefore remains on Defendants to prove their affirmative defense of failure to mitigate, and Defendants designated no experts and produced no evidence in the now-expired discovery period to meet that burden.

Date:   January 15, 2016                    Respectfully submitted,


/s/ David G. Webbert
David G. Webbert, Esq.
Carol J. Garvan, Esq.
Johnson, Webbert & Young, L.L.P.
160 Capital Street, P.O. Box 79
Augusta, Maine 04332-0079
(207) 623-5110
dwebbert@johnsonwebbert.com
cgarvan@johnsonwebbert.com

*Attorneys for Plaintiff*

## Certificate of Service

I hereby certify that on January 15, 2016, I electronically filed this filing with the Clerk of Court using the CM/ECF system which will send notification of such filing(s) to the following:

Kelly L. Morrell, Assistant Attorney General
kelly.l.morrell@maine.gov

Date: January 15, 2016        /s/ David G. Webbert